NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARACELY HIPOLITO MAYO; YEREMY MORALES HIPOLITO; VALERIA MORALES HIPOLITO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4580 <br><br> Agency Nos. <br> A246-755-745 <br> A246-755-746 <br> A246-755-747 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.

Aracely Hipolito-Mayo and her minor children (collectively, Petitioners)
petition for review of the Board of Immigration Appeals' (BIA) decision affirming
the denial of their applications for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

When "the BIA conducts its own review of the evidence and law," instead of adopting the decision of the Immigration Judge (IJ), "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Id.*

1. Substantial evidence supports the BIA's decision to deny Petitioners' applications for asylum and withholding of removal. Petitioners had the burden to establish "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). Petitioners did not testify before the IJ that they were members of one of the five protected classes. Although Petitioners argued they were members of a particular social group before the BIA, the BIA correctly determined that the issue was not properly before it on appeal. Petitioners did not contest this finding by the BIA in their opening brief before this court, so the issue is waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

The BIA properly determined that Petitioners did not experience persecution in Mexico. Although Hipolito-Mayo was robbed while traveling to purchase food

and supplies, she was never physically harmed during the robberies and did not report the events to law enforcement. Substantial evidence supports the BIA's determination Petitioners failed to establish the robbers targeted them because of their purported membership in a protected class. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that a "desire to be free from harassment by criminals motivated by theft or random violence by [a] gang" does not establish a nexus between a purported harm and membership in a protected class).

2. Substantial evidence also supports the agency's determination that Petitioners are not eligible for CAT relief. Petitioners had a burden to demonstrate "that it is more likely than not that [they] would be tortured if removed to the proposed country of removal." *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (internal quotation marks omitted) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 (9th Cir. 2023)). "To constitute torture, an act must inflict severe pain or suffering, and it must be undertaken at the instigation of, or with the consent or acquiescence of, a public official." *Id.* (internal quotation marks omitted) (quoting *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022)); *see also* 8 C.F.R. § 1208.18(a)(1). The BIA correctly determined that Petitioners failed to show it is more likely than not that they would be tortured if returned to Mexico. To the extent that Hipolito-Mayo's testimony shows a general fear of the overall levels of violent crime, this testimony does not establish a particular threat of torture. *See Dhital v.*

3                                    24-4580

*Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (explaining that a petitioner must establish a "particular threat of torture beyond that of which all citizens of [Acapulco] are at risk."). Petitioners also failed to demonstrate that the Mexican government acquiesced to criminal activity in Acapulco. Indeed, Hipolito-Mayo testified that she did not inform the police that she was the victim of robberies. Thus, the BIA properly determined that Petitioners' general fear of the overall levels of violent crime in the area does not establish eligibility for CAT relief.

**PETITION DENIED.**